### PROSECUTION FOR BEING A KNOWN THIEF.

Circuit Court of Hamilton County.

WILLIAM COAKLEY v. CITY OF CINCINNATI.

Decided, July 2, 1910.

*Criminal Law—Conduct and Reputation with Reference to a Particular Class of Offenses Put in Issue, When.*

In a prosecution for being a known thief, it is sufficient to charge the defendant with being then and there a known thief without setting forth the facts upon which the charge is based.

*Louis B. Sawyer,* for plaintiff in error.
*Chas. H. Urban,* for the city.

GIFFEN, P. J.; SMITH, J., and SWING, J., concur.

The charge in the affidavit that the defendant "being then and there a known thief" is sufficient without setting forth the facts from which he is known as a thief.   His general course of conduct or reputation with respect to being a thief is thereby put in issue.

The evidence of his conviction, inprisonment at St. Louis and subsequent parol by Gov. Folk was hearsay and erroneous; but there could be no prejudice, as it was also shown by his own admission.

The information conveyed by the police department of St. Louis concerning his general reputation was not hearsay, the rule as stated in Greenl. Ev., Section 101, and quoted in the case of *Upthegrove* v. *State*, 37 O. S., 662, being as follows:

"Upon the same principle it is considered that evidence of general reputation, reputed ownership, public rumor, general notoriety and the like, though composed of the speech of third persons, not under oath, is original evidence and not hearsay."

We find no prejudicial error in the record, and the judgment will be affirmed.